# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JOHN STEPHEN BAXTER, )
)
              Plaintiff, )
)
v. )   No. CIV-04-536-S
)
MUSKOGEE COUNTY DETENTION )
CENTER, )
)
             Defendants.)

## ORDER

FILED
FEB - 1 2006
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By:_____
Deputy Clerk

Before the court for its consideration is the Special Appearance and Motion to Dismiss of Defendant, Muskogee County Detention Center, and Brief in Support filed April 11, 2005. No objection was filed by plaintiff to said motion. Accordingly, the court deems the motion as confessed, but will proceed to address the motion on its merits.

In the motion, defendant Muskogee County Detention Center argues that it is not an entity capable of being sued under 42 U.S.C. Sec. 1983. This court agrees. The capacity of an entity to be sued is determined by the law of the state in which the federal district court is located. Fed. R. Civ. P. 17(b). Under Oklahoma law, "any person, corporation, partnership, or unincorporated association [has] capacity to . . . be sued in this state." Okla. Stat. tit. 12, § 2017(B). While the Oklahoma courts have not

1

addressed in a published opinion the issue of whether a jail or prison has capacity to be sued, other jurisdictions have concluded that a county or local jail lacks capacity. See Lewis v. Houston County Jail, 876 F. Supp 861, 865 n.1 (E.D. Tex. 1995) ("The Houston County Jail is not a legal entity capable of suit."); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person'-- it is not a legal entity to begin with."); Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."); Smith v. Franklin County, 227 F.Supp.2d 667, 674 -675 (E.D. Ky. 2002) ("[T]he Franklin County Correctional Complex/Franklin County Regional Jail [] is not a legal entity capable of being sued. Rather, as it is a facility owned and provided for by the Fiscal Court and operated by the jailer per [the state constitution and state statutes]."); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989)("jail is not a 'persons' for Sec. 1983 liability"); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989)("local jail is not an entity amendable to suit for civil rights.") and McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 894 (E.D. Va. 1992)("In addition to the fact that the jail is not a person under § 1983, the jail itself is not an individual, a corporation, a partnership, or an unincorporated association. Therefore, it lacks the capacity to be sued as a jail").

Case law indicates the Muskogee County Detention Center is

2

not a person, corporation, partnership, or unincorporated association with the capacity to be sued for purposes of 42 U.S.C. Sec. 1983. Thus, it is not a suable entity for civil rights litigation. Accordingly, the defendant's motion to dismiss is hereby **GRANTED** and this lawsuit is **DISMISSED** in all respects.

    **IT IS SO ORDERED** this ___1st___ day of February, 2006.

/s/ Frank H. Seay
FRANK H. SEAY
United States District Judge