**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

JOHN STEPHEN BAXTER,            )
                                )
            Plaintiff,           )
                                )
      v.                         )    CIV-04-536-FHS
                                )
CHARLES PEARSON,                )
                                )
                                )
            Defendant.           )

## SECOND AMENDED ORDER AND OPINION

The court hereby orders that the Order (docket #42) and Judgment (docket #43) entered on February 20, 2007, and the Amended Order (docket #44) entered March 15, 2007, are hereby stricken and issues the following second amended order.

On November 12, 2004, Plaintiff filed a Complaint pursuant to 42 U.S.C. Sec. 1983. In this Complaint, plaintiff alleges that while incarcerated at the Muskogee County Detention Center he was the victim of excessive force inflicted on him by three Muskogee police officers. He also alleges he was the victim of delayed medical treatment for his injuries. In his Complaint he states, "I filed numerous 'grievances' in the County Jail I was in. They never gave me a response. And when I got shipped to L.A.R.C., the County Jail Officials confiscated all my legal work that I had logged on this." He also stated in his Complaint "I filed grievances to any and all important officials in the facility, and they all failed to respond and I was neglected by their deliberate indifference."

1

On January 5, 2007, the only remaining defendant Charles Pearson filed a Motion for Summary Judgment arguing among other things that plaintiff failed to exhaust his administrative remedies. This court agrees.

A plaintiff is required to exhaust all claims prior to bringing litigation. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. Sec. 1997e(a).

In Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) the Tenth Circuit Court of Appeals stated:

> An inmate who begins the grievance process but does not complete it is barred from pursuing a 42 U.S.C. Sec. 1983 claim under the Prison Litigation Reform Act for failure to exhaust his administrative remedies. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). In Wright, an inmate alleged that he had substantially complied with the administrative procedures but did not see the process to its conclusion. The court noted that the PLRA does not "enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." Wright at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions". In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. Porter v. Nussle, 534 U.S. 516 (2002)(holding exhaustion required for all prisoner suits, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong.)

After careful review, the court finds plaintiff has failed to make any colorable argument that he has exhausted his administrative remedies, and he has cited no authority or facts, other than his own conclusory allegations, to demonstrate he was denied access to those administrative procedures. See <u>Brown v. Zavaras</u>, 63 F.3d 967, 972 (10th Cir. 1995) (conclusory allegations insufficient to state a cause of action); <u>Durre v. Dempsey</u>, 869 F.2d 543, 547 (10th Cir. 1989) ("Plaintiff's conclusory allegation that his status as an indigent prisoner makes the state post-deprivation remedy inadequate failed to state a claim for relief under § 1983.") Plaintiff simply states that he filed grievances while in the county jail. He provides no other facts to establish that he exhausted the administrative procedures available to him. Plaintiff failed to file a timely response to the defendant's motion for summary judgment on this ground. Thus, the court finds plaintiff has failed to exhaust his administrative remedies.

The court finds the allegations made in plaintiff's complaint should be dismissed pursuant to 42 U.S.C. Sec. 1997e(a) for failure to exhaust his administrative remedies.

Defendant's motion for summary judgment is hereby **GRANTED.** Accordingly, this action is, in all respects, **DISMISSED** without prejudice.

**IT IS SO ORDERED** this 15th day of March, 2007.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma